**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION**



**FILED**

MAR 3 1 2003

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| KATHY SUE MYERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   CV 02-B-0475-NE |
| | ) |
| GARY WALKER; JOEL GILLIAM; | ) |
| THE CITY OF DECATUR, | ) |
| | ) |
| Defendants. | ) |

**ENTERED**

APR - 1 2003

## MEMORANDUM OPINION

This case is presently pending before the court on Motions to Dismiss, filed by defendant Gary Walker, (doc. 2), defendant Joel Gilliam, (doc. 3), and defendant City of Decatur, (doc. 4). Plaintiff alleges various claims arising from her allegedly illegal arrest for indecent exposure. Upon consideration of the record, the submission of the parties, the arguments of counsel, and the relevant law, the court is of the opinion that defendants' Motions to Dismiss, (docs. 2-4), are due to be granted.

## I. MOTION TO DISMISS STANDARD

The Eleventh Circuit Court of Appeals has stated that a Motion to Dismiss "is viewed with disfavor and rarely granted." *Brooks v. Blue Cross and Blue Shield*, 116 F.3d 1364, 1369 (11th Cir. 1997)(citing *Madison v. Purdy*, 410 F.2d 99, 100 (5th Cir. 1969); *International Erectors, Inc. v. Wilhoit Steel Erectors & Rental Service*, 400 F.2d 465, 471 (5th Cir. 1968)). When deciding a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6), the

court "must accept the allegations set forth in the complaint as true." *Gonzalez v. McNary*, 980 F.2d 1418, 1419 (11th Cir. 1993)(citing *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Wright v. Newsome*, 795 F.2d 964, 967 (11th Cir. 1986)); *see also Jackson v. Okaloosa County*, 21 F.3d 1531, 1534 (11th Cir. 1994). The court will dismiss a claim only when it is clear that no relief could be granted under any set of facts consistent with the allegations in the Complaint. *Hishon*, 467 U.S. at 73; *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). "A complaint may not be dismissed because the plaintiff's claims do not support the legal theory he relies upon since the court must determine if the allegations provide for relief on *any* possible theory." *Brooks*, 116 F.3d at 1369 (citing *Robertson v. Johnston*, 376 F.2d 43 (5th Cir. 1967))(emphasis in original).

"[T]he threshold that a complaint must meet to survive a motion to dismiss is 'exceedingly low.'" *Holley v. City of Roanoke*, 162 F. Supp. 2d 1335, 38 (M.D. Ala. 2001)(quoting *Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 703 (11th Cir. 1985)). "[A] defendant thus bears the 'very high burden' of showing that the plaintiff cannot conceivably prove any set of facts that would entitle him to relief." *Beck v. Deloitte & Touche*, 144 F.3d 732, 735-736 (11th Cir. 1998)(citing *Jackam v. Hospital Corp. of Am. Mideast, Ltd.*, 800 F.2d 1577, 1579 (11th Cir. 1986)).

Defendants Walker and Gilliam contend that they are entitled to qualified immunity. "While the defense of qualified immunity is typically addressed at the summary judgment stage of a case, it may be, as it was in this case, raised and considered on a motion to dismiss." *St. George v. Pinellas County*, 285 F.3d 1334, 1337 (11th Cir. 2002)(citing

2

*Chesser v. Sparks*, 248 F.3d 1117, 1121 (11th Cir. 2001)). "Once an officer has raised the defense of qualified immunity, the burden of persuasion on that issue is on the plaintiff." *Id.* (citing *Suissa v. Fulton County*, 74 F.3d 266, 269 (11th Cir. 1996)).

## II. STATEMENT OF FACTS

Plaintiff Kathy Sue Myers filed this case against defendant City of Decatur [hereinafter "the City"]; defendant Gary Walker, individually and in his official capacity as a police officer for the City; and defendant Joel Gilliam, individually and in his official capacity as Chief of Police for the City. (Doc. 1.) Plaintiff alleges that Walker arrested her at a private party for indecent exposure, without a warrant and without probable cause, in violation of her right to be free from unlawful arrest and her right to be free from "physical abuse, coercion and intimidation;" her claims are brought pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1985, and 18 U.S.C. § 245. (Doc. 1 ¶¶ 1, 11, 16.) She alleges that Walker acted "pursuant to orders and directives" from Gilliam. (*Id.* ¶ 7.) The Complaint alleges that the City "knew or should have known of the fact that *this* pattern of conduct was being carried out by their agents and employees" and that the City failed to stop "*this* course of conduct." (*Id.* ¶ 10 (emphasis added).) However, the only "conduct" described in the Complaint is plaintiff's arrest.

Subsequently, all criminal charges against plaintiff were dismissed "as having no actual basis." (*Id.* ¶ 11.)

## III. DISCUSSION

### A. SECTION 1983 CLAIMS

#### 1. GARY WALKER and JOEL GILLIAM

##### a. Official Capacity Claims

Plaintiff's claims against Walker and Gilliam in their "official capacities" are simply another way of suing the City. As such, the official-capacity claims are redundant and due to be dismissed. *Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991).

##### b. Individual Capacity Claims

Walker and Gilliam contend that plaintiff's § 1983 claims against them in their individual capacities are due to be dismissed based on qualified immunity. "In evaluating a claim of qualified immunity, [the] first task is to determine whether the plaintiff has alleged the deprivation of a cognizable constitutional right." *Dacosta v. Nwachukwa*, 304 F.3d 1045, 1047 (11th Cir. 2002)(citing *Conn v. Gabbert*, 526 U.S. 286, 290 (1999)). Plaintiff's complaint alleges that she was arrested for indecent exposure without a warrant and without probable cause, and that she was physically abused, coerced, and intimidated. (Doc. 1 ¶¶ 11, 16.)

A warrantless arrest, without probable cause, is a violation of the Fourth Amendment, made applicable to the states through the Fourteenth Amendment. *Dunaway v. New York*, 442 U.S. 200, 207 (1979). Plaintiff's Complaint alleges:

> On or about the 24th day of February 2001 the Plaintiff was attending a private party at a motel in the City of Decatur, Alabama where she was staying, . . . and that then and there the Defendant Gary Walker and other

4

> agents, servants and employees of the Defendant City of Decatur, Alabama
> entered the private party, without warrant, without probable cause, arrested the
> Plaintiff on a charge of indecent exposure . . . .

(Doc. 1 ¶ 11.) The Complaint also alleges that Gilliam instructed Walker to act, or that

Walker acted with the knowledge and consent of Gilliam. (*Id.* ¶ 12.)

"If an officer has probable cause to believe that an individual has committed even a

very minor criminal offense in his presence, he may, without violating the Fourth

Amendment, arrest the offender." *Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001).

The standard for determining "probable cause" for an arrest is well, and long, established:

> Probable cause exists where "the facts and circumstances within their (the
> officers') knowledge and of which they had reasonably trustworthy
> information (are) sufficient in themselves to warrant a man of reasonable
> caution in the belief that" an offense has been or is being committed

*Brinegar v. United States*, 338 U.S. 160, 175-76 (1949)(quoting *Carroll v. United States*, 267

U.S. 132, 162 (1925).[1]

---

[1]Alabama state courts have adopted this definition of "probable cause":

The Court of Criminal Appeals, in *Owen v. State*, 418 So.2d 214 (Ala. Crim.
App. 1982), equated the term "probable cause" with "reasonable cause," as that latter
term is used in § 15-10-3. In *Owen*, the Court of Criminal Appeals observed:

"'An officer may arrest without a warrant when "a felony has been
committed and he has reasonable cause to believe that the person arrested
committed it." Section 15-10-3, Code of Alabama 1975. The rule of
reasonable or probable cause is a "practical, nontechnical conception."
*Brinegar v. United States*, 338 U.S. 160, 176 (1949). As defined in *Draper
v. United States*, 358 U.S. 307, 313 (1959):

" ' "Probable cause exists where 'the facts and circumstances within
their (the arresting officers') knowledge and of which they had reasonably
trustworthy information (are) sufficient in themselves to warrant a man of

Defendants contend plaintiff's Complaint is "entirely devoid of the specifics of the conduct or activity in which the plaintiff was involved at the time that she was arrested . . . or, more importantly, how or why it was that defendant Walker lacked probable cause to arrest the plaintiff." (Def. Mem. in Supp. of Mot. to Dismiss, at 24.)  The court agrees. Plaintiff's Complaint is insufficient under the heightened pleading standards for § 1983 claims against individual government officials. *See GJR Investments, Inc. v. County of Escambia*, 132 F.3d 1359, 1366-69 (11th Cir. 1998).

However, in a separate document filed by defendants, they contend that Walker arrested plaintiff at a private party in a hotel ballroom after he observed her "on the dance floor with both breasts exposed." (Doc. 10, ¶ 3.)  Alabama law defines the offense of indecent exposure as follows:

> A person commits the crime of indecent exposure if, with intent to arouse or gratify sexual desire of himself or of any person other than his spouse, he exposes his genitals under circumstances in which he knows his conduct is likely to cause affront or alarm in any public place or on the private

---

> reasonable caution in the belief that' an offense has been committed . . . ."
> (Citations omitted)
>
> "'In determining whether there is probable cause to arrest, it is not necessary that the officer have before him evidence that would support a conviction for the offense. He need only have facts and circumstances within his knowledge which are reasonably trustworthy and which would lead a prudent man to believe that the accused committed or was committing an offense.'"

418 So. 2d at 220 (quoting *Tice v. State*, 386 So. 2d 1180, 1183 (Ala. Crim. App. 1980)). *See also Ex parte City of Montgomery*, 758 So.2d at 570.

*City of Birmingham v. Sutherland*, 834 So.2d 755, 760-61 (Ala.), *cert. denied* 123 S. Ct. 537 (2002).

premises of another or so near thereto as to be seen from such private premises.

Ala. Code § 13A-6-68(a).  Indecent exposure requires exposure of genitals.  *Id.*; *see, e.g., Smith v. City of Huntsville*, 515 So.2d 72 (Ala. Crim. App. 1986).  Considering defendants' contention that plaintiff was arrested after she exposed her breasts, and assuming that Walker did not observe plaintiff exposing her genitals, the court notes that Walker apparently had no reason to believe that plaintiff was committing the offense of indecent exposure, as defined by Alabama law.  Thus, he apparently had no probable cause to arrest her for indecent exposure.

Therefore, although the court finds that plaintiff's Complaint is insufficient to state a cause of action against Walker and Gilliam in their individual capacities, the record contains evidence indicating that plaintiff may be capable of alleging, with sufficient detail, that she was arrested without probable cause, which is a deprivation of a cognizable Fourth Amendment right.[2]

The Motions to Dismiss plaintiff's § 1983 claim, alleging wrongful arrest, against defendants Walker and Gilliam in their individual capacities are due to be granted.  The court will allow plaintiff leave to file an amended complaint, setting forth sufficient facts

---

[2]Plaintiff's complaint refers to her rights under the Fifth and Fourteenth Amendment. However, the allegations of wrongful arrest set forth in her complaint state a cause of action for deprivation of her Fourth Amendment rights.  Such an error in her Complaint does not require dismissal of her claims based on the alleged wrongful arrest.  *See Brooks*, 116 F.3d at 1369 (citing *Robertson v. Johnston*, 376 F.2d 43 (5th Cir. 1967)).

demonstrating that her arrest violated her rights under the Fourth Amendment and that such rights were clearly established.

Plaintiff's Complaint is also insufficient to support a § 1983 claim based on "physical abuse, coercion, and intimidation." (*See* doc. 1 ¶ 16.) Her Complaint states merely that she was arrested without a warrant and without probable cause for indecent exposure; it recites no facts to indicate that plaintiff was abused, coerced, or intimidated by Walker and/or Gilliam.   Therefore, the court finds that plaintiff has not alleged a deprivation of a cognizable constitutional right with regard to claimed physical abuse, coercion, and/or intimidation.

The Motion to Dismiss plaintiff's § 1983 claim, alleging physical abuse, coercion, and intimidation against defendants Walker and Gilliam in their official capacities is due to be granted.  However, the court will allow plaintiff leave to file an amended complaint, setting forth sufficient facts demonstrating that she was physically abused, coerced, and/or intimidated by Walker and/or Gilliam, and that such abuse, coercion, and/or intimidation violated a clearly established constitutional right.

### 2. The City

To the extent that plaintiff's Complaint seeks to impose liability on the City under § 1983 based on *respondeat superior* for the actions of Walker and Gilliam, such claims are due to be dismissed. *See Wyke v. Polk County School Board*, 129 F.3d 560, 568 (11th Cir. 1997)("[L]ocal government entities may not be held liable on a respondeat superior theory; '[i]nstead it is [only] when [the] execution of a government's policy or custom . . . inflicts the

injury that the government as an entity is responsible under § 1983.'" (quoting *Monell v. New York City Department of Social Services*, 436 U.S. 658, 694 (1978))).

Plaintiff's Complaint alleges that the City "knew . . . of the fact that *this* pattern of conduct was being carried out by their agents and employees," and that it did not take any steps or make other efforts "to order a halt to *this* course of conduct." (Doc. 1 ¶ 10 (emphasis added).)  However, the only action described in plaintiff's Complaint that could be "this pattern" or "this course of conduct" is the fact of plaintiff's arrest, which is insufficient to establish a "custom or policy" of the City, *see Marsh v. Butler County*, 268 F.3d 1014, 1036-37 (11th Cir. 2001)(citing, *inter alia*, *Caldwell v. City of Elwood*, 959 F.2d 670 (7th Cir. 1992)), or that the City negligently trained and/or retained Walker and Gilliam, *see Gold v. City of Miami*, 151 F.3d 1346, 1350 (11th Cir. 1998).

Therefore, all § 1983 claims against the City are due to be dismissed for failure to state a claim against the City for which relief can be granted.

## B.  SECTION 1985 CONSPIRACY CLAIMS

Plaintiff alleges that defendants conspired to deprive her of "her right to freedom from an illegal seizure of her person, freedom from unlawful arrest without evidence and freedom from physical abuse, coercion and intimidation." (Doc. 1 ¶ 16.)  Although not specified in plaintiff's Complaint, the court assumes plaintiff is relying on subsection (3) of § 1985, which states:

> If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the

9

equal protection of the laws, or of equal privileges and immunities under the laws . . .; in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

42 U.S.C. § 1985(3).[3]  Section § 1985(3) "prohibits only those conspiracies motivated by 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus.'" *Lyes v. City of Riviera Beach*, 166 F.3d 1332, 1337 (11th Cir. 1999)(quoting *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971)).  Plaintiff's complaint makes no such allegation.

Therefore, the defendants' Motions to Dismiss plaintiff's claims based on a conspiracy to deprive her of certain civil rights are due to be granted, and such claims are due to be dismissed.

## C. SECTION 245 CLAIMS

Plaintiff alleges that defendants, "acting separately and in concert," acted to deprive her of rights secured by 18 U.S.C. § 245.[4]  (Doc. 1, ¶ 16.)  However, section 245 "is a criminal statute and does not grant the plaintiff a private right of action.  The enforcement of this provision of federal law rests in the discretion of the Attorney General of the United States."  *Cooley v. Keisling*, 45 F. Supp. 2d 818, 820 (D. Or. 1999); *see also John's*

---

[3]The other sections prohibit conspiracies for the purposes of (1) preventing a person from holding public office or discharging his duties as a public officer, and (2) obstructing justice and/or intimidating a party, witness, or juror.  42 U.S.C. § 1985(1)-(2).

[4]18 U.S.C. § 245 makes is a federal crime for a state actor to violate certain enumerated rights.

*Insulation, Inc. v. Siska Const. Co., Inc.*, 774 F. Supp. 156, 163 (S.D.N.Y. 1991)("This federal criminal statute, 18 U.S.C.A. § 245, which permits federal prosecution for interference with a list of federally protected activities, confers neither substantive rights nor a private right of action for damages." (citing *Dugar v. Coughlin*, 613 F. Supp. 849, 852 (S.D.N.Y. 1985))); *People ex rel. Snead v. Kirkland*, 462 F. Supp. 914, 920 (E.D. Pa. 1978)("Initially, the allegations asserting a cause of action based on 18 U.S.C. § 245(b)(1) may be disregarded because that provision is solely a criminal statute. Section 245(b)(1) permits federal prosecution for interference with a long list of federally protected activities; it confers neither substantive rights nor a private right of action for damages." (citing *New York v. Horelick*, 424 F.2d 697, 702 (2d Cir.) *cert. denied*, 398 U.S. 939 (1970); *Staelens v. Yake*, 432 F. Supp. 834, 836 n.1 (N.D. Ill. 1977))).

Therefore, defendants' Motions to Dismiss as to plaintiff's claims based on 18 U.S.C. § 245 is due to granted and such claims are due to be dismissed.

## IV. <u>CONCLUSION</u>

Based on the foregoing, defendants' Motions to Dismiss, (docs. 2-4), are due to be granted. Defendants' motions are due to granted as to plaintiff's claims brought pursuant to 42 U.S.C. § 1985 and 18 U.S.C. § 245; such claims are due to be dismissed. The City's Motion to Dismiss, (doc. 4), as to plaintiff's § 1983 claims is due to be granted. All claims against the City are due to be dismissed. Walker and Gilliam's Motions to Dismiss as to plaintiff's § 1983 claims, (docs. 2, 3), are due to granted as to all claims against these defendants in their official capacities. Moreover, Walker and Gilliam's Motions to Dismiss,

11

(docs. 2, 3) are due to be granted as to plaintiff's § 1983 claims against them in their individual capacities; however, such claims will be dismissed with leave to file an Amended Complaint.

An order granting the Motions to Dismiss, (docs. 2-4), will be entered contemporaneously with this Memorandum Opinion.

**DONE** this ___3|st___ day of March, 2003.

Sharon Lovelace Blackburn

**SHARON LOVELACE BLACKBURN**
United States District Judge

12